IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

HULKE CONSTRUCTION COMPANY, LLC
a Florida limited liability company,

    Plaintiff,

vs.

CASE NO: 2010 CA 21314

REMEDY INTELLIGENT STAFFING, INC.,
a foreign corporation,

    Defendant.

_____

## COMPLAINT

Plaintiff, HULKE CONSTRUCTION COMPANY, LLC ("HULKE"), by and through its undersigned counsel, sues Defendant, REMEDY INTELLIGENT STAFFING, INC. ("REMEDY"), and states as follows:

### Jurisdiction and Venue

1. This is an action for damages in excess of $15,000 exclusive of interest, attorneys' fees and costs, and therefore this Court has jurisdiction over the subject matter.

2. HULKE is a Florida corporation with its principal place of business in Seminole County, Florida.

3. REMEDY is a foreign corporation licensed to do business and doing business in the state of Florida, and therefore this Court has personal jurisdiction over REMEDY.

4. Venue is proper in this Court pursuant to Fla. Stat. § 47.051 because REMEDY has an office for the transaction of business and or an agent or other representative in Orange County.

## General Factual Allegations

5. REMEDY is in the business of staffing and placement of employees with prospective employers.

6. In promoting its services, REMEDY makes the following statements on its website:

- Remedy takes the mystery out of people and performance by delivering the perfect fit of skills and behavior.

- Using our proven screening technologies and Working Interview program you can rest assured that we will find the High-Performance Fit of people with the complete package of skills, behavior, and integrity that's right for you.

- We have added confidence that our workers aren't high-risk for costly and dangerous behavior.

- Nothing puts your company at risk more than a worker who is prone to theft, violence or substance abuse. That's why Remedy Intelligent Staffing has initiated a powerful new self-screening system called X-Ray that quickly identifies and screens out undesirable job candidates who have integrity issues.

7. In or around May 2004, HULKE retained the services of REMEDY to assist HULKE in filling the position of accountant within its corporation. The contract is attached as Exhibit "A" and incorporated herein by reference.

8. REMEDY knew the position for which HULKE was seeking placement involved the responsibility of handling, managing, and overseeing the company's finances.

9. REMEDY recommended CASEY J. LOVEALL ("Loveall") for the position of accountant.

10. As part of its services, REMEDY represented that it performed a criminal background check on Loveall, and provided HULKE with a background investigation report which reflected no criminal activity. The background investigation reports are attached as

Composite Exhibit "B" and incorporated herein by reference.

11. In reliance upon REMEDY's recommendation of Loveall and its purported criminal background check, HULKE hired Loveall for the position of accountant.

12. Following the termination of Loveall's employment with HULKE in May 2010, HULKE discovered that over the course of his employment, Loveall had abused his position as accountant and embezzled approximately $1,581,754.51 from the company.

13. Loveall accomplished the embezzlement by transferring funds from HULKE's operating accounts to bank accounts held by corporations owned and operated by Loveall and his wife, Karen Loveall, who was an officer in both corporations.

14. Loveall would disguise the illegal transfers by creating false job costs in the accounting system, and transferring amounts that were frequently identical to transfers intended to cover payroll and payments to local vendors at remote job locations.

15. Following the discovery of the theft, HULKE conducted a search of Loveall's prior criminal history in Florida and learned that Loveall served three years in jail for committing organized fraud. In fact, Loveall was released from jail just one year prior to REMEDY's recommendation of Loveall for the position of accountant.

16. The Seminole County Sheriff's Department and U.S. Immigration and Customs Enforcement are currently investigating Loveall's activities.

17. By recommending Loveall to HULKE as a qualified candidate for the position of accountant, and undertaking an incomplete criminal background check of Loveall that indicated to HULKE he had no criminal history, REMEDY misrepresented Loveall's fitness and qualifications for employment to HULKE.

## COUNT I – NEGLIGENCE

18. HULKE realleges and incorporates by reference all allegations of paragraphs 1 through 17 as if fully set forth herein.

19. REMEDY owed a duty to HULKE to perform its placement services in a reasonably careful manner, including properly screening prospective employees to provide HULKE with a person of requisite behavior and integrity to fill the position of accountant.

20. REMEDY breached that duty by:

   (a) Failing to perform a complete and thorough criminal background check on Loveall;

   (b) Representing to HULKE that it had performed a complete and thorough criminal background check on Loveall;

   (c) Recommending Loveall for the position of accountant despite his prior criminal conviction for organized fraud; and

   (d) Failing in every respect to verify that Loveall was qualified and fit for a position which involved the handling, managing and overseeing of a company's finances.

21. As a direct and proximate result of REMEDY's negligence, HULKE lost at least $1,581,754.51, and has suffered additional damages in excess of that amount.

WHEREFORE, Plaintiff, HULKE CONSTRUCTION COMPANY, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, REMEDY INTELLIGENT STAFFING, INC., for all damages allowable under the law including pre- and post-judgment interest, costs, and such further relief as this Court deems proper.

4

## COUNT II – NEGLIGENT MISREPRESENTATION

22. HULKE realleges and incorporates by reference all allegations of paragraphs 1 through 17 as if fully set forth herein.

23. REMEDY represented to HULKE that Loveall was qualified and fit for the position of accountant, and that he did not have a criminal record.

24. REMEDY's representations were false.

25. In the exercise of reasonable care, REMEDY should have known that its representations were false.

26. REMEDY intended that its representations would induce HULKE to hire Loveall as an accountant.

27. In reasonable reliance upon REMEDY's representations, HULKE did hire Loveall as an accountant.

28. As a direct and proximate result of HULKE's reasonable reliance upon REMEDY's negligent misrepresentations, HULKE lost at least $1,581,754.51, and has suffered additional damages in excess of that amount.

WHEREFORE, Plaintiff, HULKE CONSTRUCTION COMPANY, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, REMEDY INTELLIGENT STAFFING, INC., for all damages allowable under the law including pre- and post-judgment interest, costs, and such further relief as this Court deems proper.

## COUNT III – BREACH OF CONTRACT

29. HULKE realleges and incorporates by reference all allegations of paragraphs 1 through 17 as if fully set forth herein.

30. HULKE and REMEDY entered into a contract whereby REMEDY agreed to

properly screen prospective employees and provide HULKE with a person of requisite behavior and integrity to fill the position of accountant.

31. REMEDY breached the contract by:

    (a) Failing to perform a complete and thorough criminal background check on Loveall;

    (b) Representing to HULKE that it had performed a complete and thorough criminal background check on Loveall;

    (c) Recommending Loveall for the position of accountant despite his prior criminal conviction for organized fraud; and

    (d) Failing in every respect to verify that Loveall was qualified and fit for a position which involved the handling, managing and overseeing of a company's finances.

32. As a direct and proximate result of REMEDY's breach, HULKE lost at least $1,581,754.51, and has suffered additional damages in excess of that amount.

WHEREFORE, Plaintiff, HULKE CONSTRUCTION COMPANY, LLC, respectfully requests that this Court enter judgment in its favor and against Defendant, REMEDY INTELLIGENT STAFFING, INC., for all damages allowable under the law including pre- and post-judgment interest, costs, and such further relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

KILLGORE, PEARLMAN, STAMP,
 ORNSTEIN & SQUIRES, P.A.
2 S. Orange Avenue, 5th Floor
P. O. Box 1913
Orlando, FL 32802-1913
Telephone: (407) 425-1020
Facsimile: (407) 839-3635
Attorneys for Plaintiff

/s/ Christopher M. Harne
Frank H. Killgore, Jr.
Florida Bar No. 372420
Christopher M. Harne
Florida Bar No. 0800791
charne@kpsos.com