UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HULKE CONSTRUCTION COMPANY, LLC,**

**Plaintiff,**

**-vs-**                                                                   **Case No.  6:10-cv-1595-Orl-19KRS**

**REMEDY INTELLIGENT STAFFING, INC.,**

**Defendant.**

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Count III of Plaintiff's Complaint by Defendant Remedy Intelligent Staffing, Inc. (Doc. No. 11, filed Nov. 12, 2010); and

2. Response in Opposition to Defendant's Motion to Dismiss Count III of Plaintiff's Complaint by Plaintiff Hulke Construction Company, LLC (Doc. No. 21, filed Nov. 23, 2010).

**Background**

**I. Plaintiff's Allegations**[1]

This case concerns a background investigation on Casey J. Loveall performed by Defendant Remedy Intelligent Staffing, Inc. ("Remedy") that Plaintiff Hulke Construction Company ("Hulke") allegedly relied upon in hiring Loveall as its accountant. (Doc. No. 2 ¶¶ 10-11, filed Oct. 28, 2010.) Hulke asserts that in May 2004, "Hulke retained the services of Remedy to assist Hulke in filling

---

[1] The facts presented in this Order are derived from the allegations of the Complaint. These facts are included only to provide context and should not be construed as findings of fact.

the position of accountant within its corporation." (*Id.* ¶ 7.) The written contract by which Hulke retained Remedy's services ("Retention Contract") is attached to the Complaint as Exhibit A. (*Id.*)

According to Hulke, Remedy recommended Loveall for the accountant position and provided Hulke with a background investigation report showing that Loveall had no prior criminal activity. (*Id.* ¶¶ 9-10.) Hulke contends that it hired Loveall in reliance upon Remedy's recommendation and the background investigation report. (*Id.* ¶ 11.) Following the termination of Loveall's employment with Hulke in May 2010, Hulke allegedly discovered that Loveall had embezzled over $1.5 million from Hulke over the course of his employment. (*Id.* ¶ 12.) Hulke asserts that after discovering the theft, it conducted a search of Loveall's prior criminal history in Florida and learned that Loveall served three years in jail for organized fraud and that Loveall was released from jail one year prior to Remedy's recommendation of Loveall for the accountant position. (*Id.* ¶ 15.) Hulke contends that Remedy misrepresented Loveall's fitness and employment qualifications to Hulke in recommending him for employment. (*Id.* ¶ 17.)

**II. Procedural History**

Hulke filed a three-count Complaint against Remedy alleging: (1) negligence; (2) negligent misrepresentation; and (3) breach of contract. (Doc. No. 2.) Remedy has moved to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 11.) Hulke opposes the Motion to Dismiss. (Doc. No. 21.)

**Standard of Review**

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the

complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations

of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

### I. Count III: Breach of Contract

In Count III of the Complaint, Hulke alleges that it and Remedy "entered into a contract whereby Remedy agreed to properly screen prospective employees and provide Hulke with a person of requisite behavior and integrity to fill the position of accountant." (Doc. No. 2 ¶ 30.) Hulke further asserts that Remedy breached the contract by:

    (a)    Failing to perform a complete and thorough criminal background check on Loveall;

    (b)    Representing to Hulke that it had performed a complete and thorough background check on Loveall;

    (c)    Recommending Loveall for the position of accountant despite his prior criminal conviction for organized fraud; and

    (d)    Failing in every respect to verify that Loveall was qualified and fit for a position which involved the handling, managing and overseeing of a company's finances.

(*Id.* ¶ 31.) Hulke maintains that it lost over $1.5 million as a direct and proximate result of Remedy's breaches. (*Id.* ¶ 32.)

Remedy contends that Hulke's breach of contract claim should be dismissed because the Retention Contract does not impose any of the allegedly breached duties on Remedy. (Doc. No. 11 at 5.) Hulke argues in response that the Retention Contract does not represent the entire agreement between the parties, and thus the breach of contract claim is well-pled. (Doc. No. 21 at 4-5.)

"For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the

breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)). "In order to allege a material breach, the plaintiff must indicate which term of its contractual duties [the d]efendant has failed to perform." *Fla. Digital Network, Inc. v. N. Telecom, Inc.*, No. 6:06-cv-889-Orl-31-JGG, 2006 WL 2523163, at *2 (M.D. Fla. Aug. 30, 2006).

Plaintiff has alleged facts plausibly establishing each of the three elements of a breach of contract claim. Plaintiff pleads the existence of a contract, identifies the contractual duties allegedly breached, and asserts that damages proximately resulted from the breach. (Doc. No. 2 ¶¶ 30-32.) Although the Retention Contract does not impose the allegedly breached duties identified by Hulke, the Retention Contract does not specify that its terms constitute the entire agreement between Hulke and Remedy. (Doc. No. 2-1 at 1.) Therefore, the Retention Contract does not affirmatively preclude the allegedly breached duties from existing, and the Court must find that the breach of contract claim in Count III is well-pled.

## Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the Motion to Dismiss Count III of Plaintiff's Complaint by Defendant Remedy Intelligent Staffing, Inc. (Doc. No. 11) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 29, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record